# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.

CLARENCE LAMONT LYONS,

Defendant/Petitioner.

Case No. 4:17-cr-87

**OPINION & ORDER**

Before the Court is Petitioner Clarence Lamont Lyons's Motion to Vacate Sentence under 28 U.S.C. § 2255. ECF No. 38. For the reasons stated herein, the petitioner's motion is **DISMISSED.**

## I. BACKGROUND

The petitioner pleaded guilty to Possession with the Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (Count One) and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c) (Count Two). ECF No. 13 at 1. The Honorable Robert G. Doumar sentenced the petitioner to 156 months of imprisonment on Count One and 60 months of imprisonment on Count Two, to be served consecutively. ECF No. 23. The petitioner filed the instant Motion to Vacate Sentence under 28 U.S.C. § 2255, on August 12, 2024. ECF No. 38.

## II. ANALYSIS

Title 28 U.S.C. § 2255 provides, in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The petitioner's instant motion is barred by the statute of limitations period prescribed by 28 U.S.C. § 2255(f). The petitioner was sentenced on February 26, 2018. ECF No. 23. Therefore, the judgment of the petitioner's conviction became final on March 12, 2018—the end of the 14-day period during which the petitioner could have appealed his conviction. *See Clay v. United States*, 537 U.S. 522, 532 (2003); *see also United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) ("if the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires."). According to the statute of limitations set forth in 28 U.S.C. § 2255(f)(1), the instant motion would have been timely only if it had been filed on or before March 12, 2019—one year after the date that the petitioner's conviction became final. Therefore, the petitioner's claim, filed on August 12, 2024, is untimely.

Petitioner has failed to demonstrate that the statute of limitations should run from some period other than one year from the date the judgment of conviction

became final. There is no evidence that his claim was impeded by a governmental action or that he is asserting a right not previously recognized by the Supreme Court. 28 U.S.C. §§ 2255(f)(2)–(3). It does appear, however, that petitioner argues, pursuant to 28 U.S.C. § 2555(f)(4), that the date on which the facts supporting his claim could have been discovered occurred later than the final judgment time period. He asserts that his claim is not time barred because: "On or about, July 15, 2024, while reviewing [his] PSR, he and [his] Correctional case[] manager discovered an error in the calculation of [his] criminal history points used in the application of [his] sentence." ECF No. 38 at 12. But the information in the petitioner's PSR has been available since prior to his sentencing, and the petitioner has not provided the Court with any explanation as to why the purported error could not have been discovered earlier with the exercise of due diligence.[1]

The petitioner's last resort to preserve his motion is by demonstrating that the statute of limitations should be equitably tolled. To toll the statute of limitations provision of 28 U.S.C. § 2255(f), a petitioner must show "'(1) that he has been pursuing

---

[1] Though the Court has concluded that the petitioner's motion is time barred, it has also reviewed the substance of his claims. The petitioner alleges two grounds for relief: (1) that his counsel rendered ineffective assistance by failing to request a competency hearing and (2) that counsel's deficient performance resulted in movant's career offender designation. ECF No. 38. Even if the Court were inclined to find that the petitioner satisfied 28 U.S.C. § 2255(f)(4), the petitioner's stated reason for the delay in bringing the motion could not save the claims outlined in ground one since those claims are not rooted in the discovery of any calculation error. And regarding his career offender claims, the PSR plainly states that the petitioner's status as a career offender would not have affected his criminal history category because he had a criminal history category of VI, based on his criminal history score alone. ECF No. 18 ¶ 56 (SEALED); *see also id.* ¶ 55 (noting a criminal history score of 14 and a criminal history category of VI). In other words, his designation as a career offender changed nothing regarding his sentence. Therefore, it cannot be that his counsel was deficient in failing to notice this claimed error.

3

his rights diligently, and (2) that some extraordinary circumstance stood in his way' that prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is only applied in "rare instances" where "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). The petitioner has neither offered specific facts to show that he has been diligently pursuing his rights nor demonstrated that extraordinary circumstances underlie the untimeliness of the instant motion such that this case is one of those rare instances where the statute should be equitably tolled. Therefore, the Court finds that equitable tolling does not apply in this case.

### III.     CERTIFICATE OF APPEALABILITY

"An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA")." *United States v. Day*, No. 3:07-cr-154, 2018 WL 4714778, at *2 (E.D. Va. Oct. 1, 2018) (citing 28 U.S.C. § 2253(c)(1)(B)); *see also* R. Gov. § 2255 Proc. in U.S. Dist. Cts. 11(a). Further, a "COA will not issue unless a prisoner makes a substantial showing of the denial of a constitutional right." *Day*, 2018 WL 4714778, at *2 (quotation marks omitted). Such a showing turns on whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). The Court

4

finds that the petitioner has not met this standard. Accordingly, a certificate of appealability will be **DENIED.**

## IV.   CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 38) is **DISMISSED.** And because the petitioner failed to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED.**

The petitioner is **ADVISED** that he may appeal from this final Opinion and Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within 60 days of the date of this Opinion and Order.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the petitioner, the petitioner's former counsel, and counsel of record for the United States.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Newport News, Virginia
October 17, 2024